UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMARA L. APOSTOLOU,

       Plaintiff,                   CIVIL ACTION NO. 05 CV 74201 DT

   v.                                 DISTRICT JUDGE ROBERT H. CLELAND

JO ANNE B. BARNHART,        MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**I. Introduction**

      This Social Security Disability case comes before the court on the Commissioner's motion for summary judgment. For the reasons stated herein, the court recommends that the motion be granted and that plaintiff's complaint be dismissed.

**II. Background**

      Plaintiff filed an application for Social Security Disability Insurance Benefits (DIB) on March 6, 2003, claiming that she was disabled due to chronic back pain and fatigue, with a disability onset date of July 26, 1998. (Tr. 37-39, 43, 52) Plaintiff was 44 years of age when she filed the application. She has a high school education, with additional training in cosmetology. Plaintiff worked as a hairstylist/manicurist from the time she graduated high school up to her alleged onset date. (Tr. 49, 55)

The Social Security Administration (SSA) denied the claim on August 8, 2003. (Tr. 22-27) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 28) The hearing was held on March 4, 2005 before ALJ Patrick Golden. (Tr. 357-94) At the hearing, the ALJ took testimony from plaintiff, who appeared *pro se*, and from a vocational expert (VE).

On July 8, 2005, the ALJ issued a decision denying plaintiff's claim. (Tr. 8-16) The ALJ determined that plaintiff had scoliosis and that her impairment was "severe" within the meaning of 20 C.F.R. § 404.1520, but that she did not have an impairment that met or equaled any impairment listed in Appendix 1, Subpart P of the Social Security Regulations. The ALJ further determined that plaintiff had the residual functional capacity (RFC) to perform the full range of light, unskilled work.[1] Relying on Medical Vocational Rule 202.21, the ALJ concluded, based upon plaintiff's age and RFC, that plaintiff was not "disabled" within the meaning of the Social Security Act.

Plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 6-7). The Appeals Council denied the request on September 6, 2005. (Tr. 3-5) The ALJ's decision thus became the final decision of the Commissioner.

On September November 2, 2005, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). As noted above, the matter comes before the Court on

---

[1]"Light work" is defined in 20 C.F.R. § 404.1567(a) as follows:
> Light work involves lifting no more than 20 pounds at a time with frequent lifting of or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

the Commissioner's motion for summary judgment. Plaintiff did not file a motion for summary judgment. While it could be said that plaintiff has thereby waived any objections to the Commissioner's disability determination, it is this court's practice to review such determinations on the merits in cases brought by *pro se* parties even where the party has failed to file a motion for summary judgment. The court will proceed accordingly.

### III. Legal Standards

#### A. Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The claimant bears of the burden of proving that she is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate DIB claims. 20 C.F.R. § 404.1520. As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the

> third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment. If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

### B. Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

**IV. Analysis**

The ALJ rendered findings favorable to plaintiff at the first and fourth steps of the five-step sequential evaluation process. Presumably, plaintiff has no objections to those findings. The court will thus focus its review on the ALJ's step two, three, and five findings.

At step two, the ALJ concluded that plaintiff had a single "severe" impairment – scoliosis. As the ALJ noted, there is evidence in the record that plaintiff complained to her primary physician that she was suffering from depression. (Tr. 108, 122-23) However, there is no definitive diagnosis of depression in the record, no evidence of treatment for depression, other than a brief reference in record to plaintiff being started on Prozac (Tr. 108), and no evidence that the condition interferes with plaintiff's ability to perform basis work activities. Thus, the record supports the ALJ's conclusion that plaintiff's depression was not severe. See 20 C.F.R. § 404.1521(a)("An impairment...is not severe if it does not significantly limit your physical or mental ability to do basic work activities"). There is otherwise no evidence in the record that plaintiff suffers from any other "severe" impairments. Accordingly, the record supports the ALJ's step-two determination that plaintiff had no severe impairments other than scoliosis.

At step-three, the ALJ concluded that plaintiff's back condition did meet or equal a listed impairment. Disorders of the spine are examined under § 1.04 of the listings, 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04, which states the following:

> 1.04 *Disorders of the spine* (e.g., herniated nucleus pulposis, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthiritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> > A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of

>   the spine, motor loss (atrophy with associated muscle
>   weakness or muscle weakness) accompanied by sensory or
>   reflex loss and, if there is involvement of the lower back,
>   positive straight-leg raising test (sitting and supine);

or

>   B. Spinal arachnoiditis, confirmed by an operative note or
>   pathology report of tissue biopsy, or by appropriate
>   medically acceptable imaging, manifested by severe
>   burning or painful dysesthesia, resluting in the need for
>   changes in position or posture more than once every 2
>   hours;

or

>   C. Lumbar spinal stenosis resulting in pseudoclaudication,
>   established by findings on appropriate medically acceptable
>   imaging, manifested by chronic nonradicular pain and
>   weakness, and resulting in inability to ambulate effectively,
>   as defined in 1.00B2b.

Under this listing, there must be, at a minimum, evidence in the record that the claimant's back impairment results in "compromise of a nerve root (including the cauda equina) or the spinal cord." Id. The record is devoid of evidence indicating that plaintiff's scoliosis results in compromise of either a nerve root or the spinal cord. Further, there is no evidence in the record indicating that plaintiff's condition satisfies the A, B, or C criteria of the listing. Accordingly, the record supports the ALJ's determination that plaintiff's back impairment did not meet or medically equal a listed impairment.

At step four, the ALJ determined that plaintiff's RFC would not permit her to perform her past relevant work as a hairstylist/manicurist, which the ALJ characterized as semiskilled, sedentary work. (Tr. 15). The ALJ's RFC determination is set forth below:

>   Employing a function by function analysis as required by SSR 96-
>   8p, the undersigned finds that physically, the claimant can lift at

>least 20 pounds occasionally; lift 10 pounds frequently; sit, stand or walk for eight hours in a work day; push or pull without limitation; perform postural activities at least occasionally; perform any manipulative functions; see, hear, and speak without limitation; and perform work in any environment. Mentally, the claimant can understand, remember and carry out at least simple instructions; make judgments on at least simple work-related decisions; interact appropriately with the public, supervisors and co-workers; respond appropriately to work pressures in a usual setting; and respond appropriately to changes in a routine work setting. This places the claimant's residual functional capacity at a full range of unskilled light work.

(Tr. 14)

The ALJ relied upon the findings of Dr. William G. Thomas, a State of Michigan Disability Determination Services consulting physician, in determining plaintiff's RFC. Dr. Thomas filled out a Physical Residual Functional Capacity Assessment form in which he indicated, among other things, that plaintiff could occasionally lift up to 20 pounds and frequently lift up to 10 pounds, that she could stand, sit and/or walk for up to six hours out of an eight hour work day, that she had an unlimited ability to push or pull within the identified weight limits, and that she could occasionally perform postural activities such as climbing and stooping. (Tr. 88) There are no contrary expert or treating source opinions in the record, and there is otherwise nothing in the record indicating that plaintiff's back impairment results in greater physical limitations that those set forth in the RFC. While plaintiff has complained of considerable pain in her back, as well as fatigue, the ALJ concluded that her allegations regarding the extent of her limitations were less than fully credible. An ALJ's credibility determination is entitled to significant deference, and there is nothing in the record that would warrant the court in disturbing the ALJ's credibility determination in this matter. Walters v. Commissioner of Social

Sec., 127 F.3d 525, 531 (6th Cir. 1997). In sum, the court finds that there is substantial evidence in the record to support the ALJ's RFC determination.

At step five, the ALJ, based upon plaintiff's age and RFC, applied Medical-Vocational Rule 202.21, 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.21, in concluding that plaintiff was not disabled. Rule 202.21 directs a finding of not disabled where the claimant is a "younger individual," which the regulations define as an individual between the ages of 18 and 49 (20 C.F.R. Ch. III, Pt. 404, Subpt. P., App.2, § 200.00(h)(1)), has the residual functional capacity to perform light work, has at least a high school education, performed skilled or semiskilled work, and acquired no transferable skills from her previous employment. It is well settled that an ALJ may rely on the "grids" in determining that a claimant is not disabled where the claimant is capable of performing the full range of work at a given level of exertion. See, e.g., Richardson v. Secretary of Health & Human Services, 735 F.2d 962, 964 (6th Cir. 1984). Here, the ALJ's determination that plaintiff is capable of performing the full range of unskilled, light work is fully supported by the record. Accordingly, the ALJ's reliance on the grids in determining that plaintiff is not disabled was entirely proper.

## V. Conclusion

For the reasons stated above, the court finds that there is substantial evidence in the record to support the Commissioner's disability determination and that no legal errors were made in reaching that determination. The court thus recommends that the Commissioner's motion for summary judgment be **GRANTED** and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

      s/Virginia M. Morgan
      VIRGINIA M. MORGAN
Dated:  May 12, 2006      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMARA L. APOSTOLOU,

        Plaintiff,                          CIVIL ACTION NO. 05 CV 74201 DT

    v.                                   DISTRICT JUDGE ROBERT H. CLELAND

JO ANNE B. BARNHART,              MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**PROOF OF SERVICE**

The undersigned certifies that on May 12, 2006 the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and by U. S. Mail to:

Tamara Apostolou                    Social Security Administration
23228 Glen Brook                    Office of the Regional Chief Counsel
St Clair Shores, MI 48082          200 W Adams, 30th Floor
                                                Chicago, IL 60606

                                                s/Jennifer Hernandez
                                                Case Manager to
                                                Magistrate Judge Virginia M. Morgan